## PAUL E. HAWKINSON CO. v. THOMPSON TIRE CO. et al.

### No. 9462.

Circuit Court of Appeals, Ninth Circuit.

May 29, 1941.

Rehearing Denied Aug. 4, 1941.

A. Donham Owen, of San Francisco, Cal., and Merchant & Merchant and R. F. Merchant, all of Minneapolis, Minn., for appellant.

George B. White and Joe Wahrhaftig, both of San Francisco, Cal., for appellees.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This action was brought by appellant for the infringement of claims 6 and 8 of method patent No. 1,917,261, issued to Paul E. Hawkinson for retreading tire casings. ·The trial court held that claims 6 and 8 were invalid as anticipated and as lacking invention.

The validity of these claims is presented in Goodman et al. v. Paul E. Hawkinson Company, 120 F.2d 167, this day decided, and hereinafter referred to as the Goodman case. While the patents pleaded as anticipatory are not the same in each case the patents we have cited in the opinion in the Goodman case were also in evidence in the instant case. Some of these patents were pleaded by the defendants in the Goodman case as anticipatory; others were introduced in evidence in that case to show the state of the art. The prior public uses alleged in the pleadings of the defendants in the respective cases are not the same. The evidence in relation to such prior use and patents and the findings thereon differ. In this case the appellees strongly rely upon the prior public use of the patented process by Frank J. Manning at La Grange, Illinois. The trial court did not make a finding upon this alleged prior use although the evidence in relation thereto was extensive.

The appellees in this case strongly urge that notwithstanding the failure of the trial court to find upon the issue of Manning's prior use we should hold that the Manning use anticipated the patent in suit. It is conceded and in fact contended by the appellant herein that the method used by Manning was the method covered by the patent in suit, consequently, the only question was as to priority.

In view of our conclusion it will be unnecessary to consider the alleged prior use by Manning. The trial court should have made a finding on this issue.

The decree herein is affirmed upon the authority of the Goodman case this day decided.

Affirmed.